UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SIDNEY D. JENKINS, III,<br><br>           Plaintiff,<br><br>  vs.<br><br>ELDON VAIL, et al.,<br><br>           Defendants. | NO.  CV-08-5075-CI<br><br>ORDER STAYING CASE PENDING<br>INTERLOCUTORY APPEAL |

BEFORE THE COURT are cross-Motions for Summary Judgment, set for hearing on October 21, 2009. (Ct. Rec. 62, 85, 111.) Plaintiff, a prisoner housed at the Washington State Penitentiary, appears pro se. Defendants are represented by Washington State Assistant Attorney General Daniel Judge. On September 21, 2009, Plaintiff filed a Notice of Interlocutory Appeal as to Chief Judge Lonny R. Suko's Order denying Plaintiff's renewed Motion for a Temporary Restraining Order and Preliminary Injunction. (Ct. Rec. 117, 123.)

On October 2, 2009, the parties were directed to show cause why this matter should not be stayed pending Plaintiff's interlocutory appeal. (Ct. Rec. 131.) Defendants indicate they have no objection to a stay of proceedings. (Ct. Rec. 133.) As of October 20, 2009, Plaintiff has not opposed a stay.

Generally, an appeal of an interlocutory order does not divest the district court of jurisdiction to continue with the case. However, "a

ORDER STAYING CASE PENDING INTERLOCUTORY APPEAL - 1

district court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997.) The district court "with propriety" may stay an action in the interests of efficiency, pending resolution of independent proceedings which bear upon the case. *Leyva v. Certified Grocers of California Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). Consideration of judicial economy is an appropriate basis for imposing a stay, as long as the stay is not indefinite or potentially lengthy. *Young v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000).

Here, many of the arguments raised in the dispositive motions are issues raised and addressed by the court in its Order denying Plaintiff's motion for preliminary injunction. The Court of Appeals rulings on the interlocutory appeal may have a significant effect on this court's disposition on summary judgment. Waiting until the issues on appeal are decided will provide guidance to this court and avoid unnecessary litigation if this court's disposition is contrary to what becomes Ninth Circuit law. Thus, a stay of summary judgment proceedings pending the ruling in Plaintiff's appeal would serve the interests of fairness, as well as judicial economy and efficiency. Accordingly,

**IT IS ORDERED:**

1. The captioned matter is **stayed**, pending resolution of Plaintiff's interlocutory appeal currently before the Ninth Circuit.

2. The hearing on cross-Motions for Summary Judgment (**Ct. Rec. 85, 111**) set for hearing on October 21, 2009, in the court's May 7, 2009, Scheduling Order (Ct. Rec. 62) is **stricken**.

3. The hearing on Plaintiff's Motions for Supplemental Pleadings

ORDER STAYING CASE PENDING INTERLOCUTORY APPEAL - 2

(Ct. Rec. 94, 106) set for October 10, 2009, is **stricken**.

4.   Within thirty (30) days of the Ninth Circuit's resolution of the appeal, the parties shall file a joint status report informing the court of the status of this matter and submitting proposed hearing dates for pending motions.

The District Court Executive is directed to enter this Order and forward copies to Plaintiff and counsel for Defendants.

DATED October 21, 2009.

                      <u>S/ CYNTHIA IMBROGNO</u>
                 UNITED STATES MAGISTRATE JUDGE

ORDER STAYING CASE PENDING INTERLOCUTORY APPEAL - 3