UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

SIDNEY D. JENKINS, III,

    Plaintiff,

  vs.

ELDON VAIL, *et al.*,

    Defendants.

NO.  CV-08–5075-CI

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,** *INTER ALIA*

Magistrate Judge Imbrogno filed a Report and Recommendation on August 4, 2010 (Ct. Rec. 158), which recommends the court grant Defendants' Motion For Summary Judgment (Ct. Rec. 111) and deny Plaintiff's Motion For Summary Judgment (Ct. Rec. 85).  The Plaintiff timely filed an objection to the same. (Ct. Rec. 159).  The Defendants have responded to the objection. (Ct. Rec. 160).  Based on its *de novo* review of the record, the undersigned **ADOPTS** the Report and Recommendation in its entirety.  LMR 4(c).

"Without speculating on the validity of Plaintiff's assertion that working or programming for a non-Islamic government is against the teachings of his Muslim religion, and without questioning the sincerity of Plaintiff's claimed belief," Magistrate Judge Imbrogno "assumed being infracted and losing privileges for refusing to comply with DOC's requirements that he work or participate in educational programming constitutes a substantial burden on Plaintiff's professed

**ORDER GRANTING DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT- 1**

1 | religious belief." Defendants argue such an assumption is not justified.

2 |     Both RLUIPA and the First Amendment "bar[] inquiry into whether a
3 | particular belief or practice is 'central' to a prisoner's religion." *Cutter v.*
4 | *Wilkinson*, 544 U.S. 709, 725 n.13, 125 S.Ct 2113 (2005); *Hernandez v. C.I.R.*, 490
5 | U.S. 680, 699, 109 S.Ct. 2136 (1989).  A party's state of mind "is not readily
6 | susceptible to resolution on a motion for summary judgment." *Richards v. Nielsen*
7 | *Freight Lines*, 602 F.Supp. 1224, 1231 (E.D. Cal. 1985), *affirmed*, 810 F.2d 898 (9ᵗʰ
8 | Cir. 1987).  Accordingly, Magistrate Judge Imbrogno correctly did not question the
9 | sincerity of Plaintiff's belief that working or programming for a non-Islamic
10 | government is against the teachings of his Muslim religion.  A "substantial burden"
11 | on the exercise of religious beliefs is one which "impose[s] a significantly great
12 | restriction or onus upon such exercise." *San Jose Christian Coll. v. City of Morgan*
13 | *Hill*, 360 F.3d 1024, 1034 (9ᵗʰ Cir. 2004).  In this case, it is not clear how to determine
14 | whether requiring the Plaintiff to work or program is a substantial burden on his
15 | religious beliefs without questioning the centrality of those beliefs.  As the United
16 | States Supreme Court has observed, "[t]he distinction between questions of centrality
17 | and questions of sincerity and burden is admittedly fine." *City of Boerne v. Flores*,
18 | 521 U.S. 507, 534, 117 S.Ct. 2157 (1997), quoting *Employment Div. Dept. of Human*
19 | *Resources of Oregon v. Smith*, 494 U.S. 872, 907, 110 S.Ct. 1595 (1990).
20 | Accordingly, it was proper for Magistrate Judge Imbrogno to decline to decide
21 | whether requiring the Plaintiff to work or program constitutes a substantial burden
22 | upon his religious beliefs and to assume, for purposes of the summary judgment
23 | motions, that the same constitutes a substantial burden on his sincerely held religious

24 |

25 |

26 |

27 | **ORDER GRANTING DEFENDANTS'**
28 | **MOTION FOR SUMMARY JUDGMENT- 2**

1    beliefs.[1]

2          What the Magistrate Judge properly decided on summary judgment, based on

3    the undisputed record, is that Defendants satisfied their burden of proving that  the

4    burden upon Plaintiff's religious exercise is the least restrictive means of furthering

5    a compelling governmental interest.  The undisputed material facts set forth in the

6    Report and Recommendation are supported by competent evidence in the record and

7    Plaintiff has offered no evidence to contradict those facts.  The fact Plaintiff did not

8    receive any infractions at Monroe for failing to work or program there does not

9    constitute an admission by Defendants that there is a less restrictive means for

10   furthering the Defendants' compelling governmental interest.  The Defendants'

11   compelling governmental interest is that all inmates, regardless of religious creed,

12   work or program so that order, safety, and discipline are maintained within penal

13   institutions.  This interest, established by state law, applies to all penal institutions in

14   the State of Washington.    There  simply  are  no  alternatives  to  working  or

15   programming.

16         Defendants' Motion For Summary Judgment (Ct. Rec. 111) is **GRANTED** and

17   Plaintiff's Motion For Summary Judgment (Ct. Rec. 85) is **DENIED**.  Defendants are

18   awarded judgment on Plaintiff's RLUIPA and First Amendment claims.  **The court**

19   _____

20         [1]The court is not persuaded this approach means all *pro se* prisoner RLUIPA
     claims will survive initial screening and that *in forma pauperis* status will have to
21   be conferred upon such claimants.

22

23

24

25

26

27   **ORDER GRANTING DEFENDANTS'**
28   **MOTION FOR SUMMARY JUDGMENT- 3**

1    **hereby certifies that any appeal taken from this order is not in "good faith."** 28

2    U.S.C. Section 1915(a)(3).

3         **IT IS SO ORDERED.**   The District Court Executive is directed to enter

4    judgment accordingly and forward copies of the judgment and this order to Plaintiff,

5    counsel for Defendants, and to Magistrate Judge Imbrogno.

6         **DATED** this ___17th___ day of September, 2010.

7

8                                    *s/Lonny R. Suko*

                              _____
9                                   LONNY R. SUKO
                              Chief United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    **ORDER GRANTING DEFENDANTS'**

28    **MOTION FOR SUMMARY JUDGMENT- 4**